present case two women were abducted at gunpoint by four men, held in a dark, vacant apartment, and assaulted sexually by 15 or 16 men. These circumstances alone are sufficient to establish the use of force.

■■ Nor do we consider it particularly significant that the complainants did not scream for help or attempt to resist. Enroute to the apartment, they were told that they would be killed if they were not quiet, and once inside it is likely that the circumstances led them to believe that to cry out or resist would be futile and perhaps even dangerous. It is well established that the victim of a rape need not resist where such would be futile and would endanger her life or where she is overcome by superior strength or paralyzed by fear. (*People v. Smith* (1965), 32 Ill.2d 88, 203 N.E.2d 879.) However, the complainants did stop a police car and report that they had been raped immediately upon being released. We are convinced, therefore, that the trial judge was correct in finding the defendants guilty of rape.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and JOHNSON, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARL GIBBS, a/k/a CARL MENEFEE, Defendant-Appellant.

(No. 59367;

First District (2nd Division)—June 25, 1974.

PER CURIAM.

DOWNING, J., took no part.

No appearance for appellant.

No appearance for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MATTHEW L. MONTGOMERY, Defendant-Appellant.

(No. 58764;

First District (4th Division)—July 10, 1974.